IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JONATHAN BOLLINGER,

                Plaintiff,

    v.

GERALD ARTHUR SANDUSKY,
also known as JERRY SANDUSKY,

                Defendant.

OPINION AND ORDER

12-cv-451-wmc

---

On June 28, 2012, the court received a one-page motion ostensibly seeking a preliminary injunction against former Penn State football coach Jerry Sandusky, alleging acts of sexual abuse that purportedly occurred during a football game in 2002. Specifically, the plaintiff seeks a temporary restraining order and he has filed a motion for leave to proceed *in forma pauperis* in this case.[1] Shortly after filing, it became apparent that there likely is no "Jonathan Bollinger" and that the author of these motions is a convicted felon and notorious, serial filer of frivolous lawsuits across the country. Even aside from the incredibly tasteless act of filing these false accusations in light of the very real victims of sexual assaults against children, the individual involved here appears to have committed a fraud on this court, wasted court resources that would otherwise have been employed on potentially-meritorious *in forma pauperis* petitions and continued a

---

[1] Sandusky had been found guilty recently and detained pending sentencing in Pennsylvania state court on June 22, 2012.

1

pattern of behavior deserving of sanction. All of plaintiff's motions will be denied and an order to show cause will issue requiring the actual signer of the motion for preliminary injunction to show cause why he should not be held in contempt of court and his conduct referred to his probation officer and the appropriate United States Attorney's Office.

OPINION

The court takes judicial notice that a flurry of similar lawsuits has been filed in other districts within the past week, including but not limited to the following: *Jonathan Paterno v. Gerald Arthur Sandusky*, No. 3:12-cv-356 (N.D. Ind. June 26, 2012); *Jonathan Amendola v. Sandusky*, No. 1:12-cv-107 (N.D. W. Va. June 27, 2012); *Jonathan Jeffs v. Sandusky*, No. 3:12-356 (D. Nev. June 28, 2012); *Jonathan Harris v. Sandusky*, No. 2:12-cv-889 (W.D. Pa. June 28, 2012); *Jonathan Kimberly v. Kim Kardashian, et al.*, No. 4:12-cv314 (N.D. Fla. June 26, 2012); *Jonathan Ryan v. Kim Kardashian, et al.*, No. 4:12-cv-449 (N.D. Tex. July 2, 2012); *Gino Romano v. Sandusky and Jonathan Riches*, No. 3:12-mc-5 (S.D. Ind. June 19, 2012); *Gino Romano v. Kim Kardashian, et. al*, No. 2:12-cv-406 (E.D. Wash. June 18, 2012); *Tom N. Jerry v. Sandusky*, 5:12-cv-86 (W.D. Ky. June 22, 2012); *Tom N. Jerry v. Sandusky*, 3:12-cv-1144 (D. Ore. June 25, 2012); *Tom N. Jerry v. Sandusky*, 1:12-cv-2202 (N.D. Ga. June 25, 2012); *Tom N. Jerry v. Sandusky*, 3:12-cv-200 (S.D. Ohio June 25, 2012); *Gino Romano v. Kim Kardashian et al.*, 4:12-291 (S.D. Iowa June 21, 2012).

In addition to the long list of similar cases, the court notes that the address listed for the purported plaintiff is actually that of a comedy club located in Philadelphia. It further appears from this growing list of tasteless, and, in light of the many who are real victims of child abuse, decidedly-unfunny lawsuits have been filed by the same individual, Jonathan Lee Riches, who has vexed the court system with thousands of frivolous lawsuits before his recent release from federal prison, and whose recalcitrant zeal for filing meretricious actions against newsmakers, celebrities, athletes and politicians continues unabated.

According to the statute that governs cases such as this one, which was filed without prepayment of the filing fee, a reviewing court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal is (1) "frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

The complaint in this case, which lacks any indicia of credibility, is both frivolous and malicious. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (A complaint may be dismissed as frivolous when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible."); *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) ("Malicious," although sometimes treated as a synonym for frivolous, "is more usefully construed as intended to harass."). Therefore, the motion for preliminary injunction and for leave to proceed *in forma pauperis* will be denied pursuant to 28 U.S.C.

§ 1915(e)(2).

Given the offensive, fraudulent and frivolous nature of this and other suits by the true plaintiff here, however, the suit shall remain open pending a response to this court's order to show cause.

ORDER

IT IS ORDERED that: (1) the motion for a preliminary injunction (dkt. #1) and the motion for leave to proceed *in forma pauperis* (dkt. #2) are DENIED; and (2) Jonathan Lee Riches is ordered to show cause by July 31, 2012, why he should not be held in contempt of court and his conduct referred to his probation officer and the appropriate United States Attorney's Office.

Entered this 6th day of July, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge